# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SCOTT WATSON,

    Plaintiff,

v.

JIMMY JOHN'S, LLC, et al.,

    Defendants.

Case No. 2:15-cv-768
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion to dismiss, transfer, or stay (ECF No. 13), Plaintiffs' memorandum in opposition (ECF No. 24), Defendants' reply memorandum (ECF No. 34), Plaintiffs' supplemental brief filed without leave of court (ECF No. 36), and Defendants' supplemental brief filed without leave of court (ECF No. 37).

For the following reasons, the Court **GRANTS** Defendants' motion to transfer the case to the United States District Court for the Northern District of Illinois.

## I.  Background

On July 18, 2014, in the United States District Court for the Northern District of Illinois, Emily Brunner filed a lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), against multiple defendants, including those in the instant case. (ECF No. 13, at Page ID # 148.) Brunner, a Second Assistant Store Manager ("2nd ASM") at a Jimmy John's franchisee, seeks to certify a class of all current and former, similarly situated employees at all Jimmy John's franchisee- and franchisor-owned locations. Brunner's first complaint indicated that 2nd ASMs are subordinate to Assistant Store Managers ("ASMs"). She contends that the putative class members' work is over 90% manual labor that is typically performed by non-

exempt employees and that the putative class members are therefore entitled to relief such as unpaid overtime compensation. (*Id.*, at Page ID # 149.) Brunner also alleges violations of the Illinois wage law ("IWL").

Subsequently, in the Northern District of Illinois, another plaintiff brought an action advancing substantially the same claims, on behalf of a substantially similar class of plaintiffs, and against substantially similar defendants. That court consolidated the two cases.

The operative complaint in that litigation includes the following counts: (1) an FLSA claim brought by the plaintiffs individually and on behalf of a nationwide putative class; (2) an IWL claim brought by the plaintiffs individually; and (3) three individual claims brought against unrelated defendants. Currently, the parties are engaged in discovery on an isolated issue that the court has determined will "drive the case" – the plaintiffs' joint employer theory against Defendants. (*Id.* at Page ID # 540.) The *Brunner* court allowed discovery on the joint employer issue because the plaintiffs must prove that Defendants exercised substantial or near complete control over all franchisees. Only then can the plaintiffs' claims against Defendants, based on a joint employer theory, survive.

On January 5, 2015, in the United States District Court for the Middle District of Florida, Plaintiffs Rodriguez, Kavanagh, and Womack filed a suit against Defendants. On March 2, 2015, Plaintiff Watson filed the present action. Subsequently, Plaintiffs Rodriguez, Kavanagh, and Womack voluntarily dismissed their suit and opted-in to the present action, along with opt-in Plaintiff Ladd.

In the present action, Plaintiffs filed suit individually and on behalf of all ASMs. Plaintiffs describe the putative class as "current and former [ASMs] and similarly-situated current and former employees holding comparable positions but different titles." (ECF No. 1, at

Page ID # 1.) Plaintiffs allege that, in defiance of state and federal law, Defendants misclassified the putative class as exempt employees. Their day-to-day duties primarily included manual labor consistent with the work relegated to non-exempt employees. Therefore, Plaintiffs argue, they are entitled to unpaid overtime compensation. Each defendant here is also a defendant in the *Brunner* case. Plaintiffs' claims are as follows: (1) an FLSA claim on behalf of themselves and a nationwide class for unpaid overtime; (2) an Ohio wage law claim ("OWL") under Federal Rule of Civil Procedure 23 on behalf of themselves and an Ohio class for unpaid overtime; and (3) an OWL claim on behalf of themselves and an Ohio sub-class for failure to keep records of hours worked. (*Id.* at Page ID # 9-12.) As in *Brunner*, Plaintiffs base their case on a theory of joint employer liability; allegedly, Defendants exercised significant control over the operations of Jimmy John's franchisees. Defendants filed a motion to transfer this case to the Northern District of Illinois, stay the case until the *Brunner* court decides the issue of joint employment, or dismiss the case.

**II.      Standard**

Under the first-to-file rule, an action involving similar parties and issues filed previously in another federal court should generally proceed to judgment and the latter-filed suit should be stayed, dismissed, or transferred. *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 443, 437 (6th Cir. 2001). This rule exists to promote principles of judicial comity and economy. *See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007); *Greene v. Ab Coaster Holdings, Inc.*, Nos. 2:10–cv–38 & 2:10–cv–234, 2010 WL 3119399, at *3 (S.D. Ohio Aug. 6, 2010).

In applying this rule, a court considers three factors: (1) the chronology of the actions; (2) the parties involved; and (3) the similarity of the issues in each case. *Dewhurst v. Century*

3

*Aluminum Co.*, No. C2:09–cv–1033, 2009 WL 5205353, at *2 (S.D. Ohio Dec. 23, 2009). When both the parties and issues involved in the case "substantially overlap," the court hearing the later-filed suit should generally allow the first-filed suit to proceed to judgment. *BSI Indust. v. Q.B. Johnson Mfg.*, No. C2–08–276, 2009 WL 349143, at *2 (S.D. Ohio Feb. 6, 2009). Courts may decline to enforce the first-to-file rule, however, "where equity so demands," such as when the record contains evidence of forum shopping, bad faith, or inequitable conduct. *Zide Sport Shop*, 16 F. App'x at 437. The court hearing the first-filed case "should determine whether an exception [to the first-to-file rule] applies." *AluChem, Inc. v. Sherwin Alumina L.P.*, No. C-1-06-263, 2006 WL 1281887, at *1 (S.D. Ohio May 10, 2006).

### III. Discussion

Plaintiffs argue that 28 U.S.C. § 1404(a) is the proper statute under which this Court should decide a motion for transfer of venue. The Court's primary consideration under § 1404(a) is convenience. However, a motion to transfer venue under § 1404(a) is a separate action from a motion to transfer under the first-to-file doctrine. *NCR Corp. v. First Fin. Computer Servs., Inc.*, 492 F. Supp. 2d 864, 868 (S.D. Ohio 2007) ("The former type of motion asks a court to transfer a proceeding for the convenience of the parties, whereas the latter is a doctrine rooted in judicial comity."). A court ruling on a motion to transfer under the first-to-file doctrine can consider convenience in its decision, but it should most value comity and economy between courts with cases that have substantially similar issues. *Id.* 28 U.S.C. § 1404(a) is a separate venue transfer action. The Court will analyze the motion under the first-filed rule.

This Court now addresses each factor of the first-to-file doctrine in turn.

First, the case chronology shows that Brunner filed first in July 2014, while Plaintiffs did not file until March 2015. Plaintiffs argue that Brunner did not file her "operative" amended

4

complaint until May 2015, two months after Plaintiffs filed their operative complaint on March 2, 2015. This argument finds no basis in law. An action commences upon filing. Fed. R. Civ. P. 3; *American Modern Home Ins. v. Insured Accounts Co.*, 704 F. Supp. 128, 130 (S.D. Ohio 1988). The Sixth Circuit has held that "[f]or purposes of first-to-file chronology, the date that an original complaint is filed controls." *Zide Sport Shop*, 16 F. App'x at 437. The first-to-file rule gives preference to the first commenced action over a later commenced action. *American Modern Home*, 704 F. Supp. at 130. The filing of a suit is the appropriate "touchstone for determining chronological preference of cases." *Id.* The *Brunner* case is the first-filed.

Second, the Court must determine whether the parties are substantially similar. This Court concludes they are. Defendants in this case are substantially similar to those in *Brunner*. Each of the defendants here is also a *Brunner* defendant. Further, although the named plaintiffs in each case differ, the first-to-file rule in a class action suit only requires that the Court compare the proposed classes, not the named plaintiffs. *See Siegfried v. Takeda Pharm. N. Am., Inc.*, No. 10-cv-02713, 2011 WL 1430333, at *5 (N.D. Ohio Apr. 14, 2011).

The class that Plaintiffs seek to represent is substantially similar to the class in the first-filed case. The Court recognizes that, in Brunner's first complaint, the stated title of the putative class was 2nd ASMs, while the present case case contemplates a class of ASMs. The Court also acknowledges that 2nd ASMs are subordinate to ASMs. (ECF No. 13, at Page ID # 149.) After reviewing the *Brunner* record, the Court notes that Brunner subsequently refers to the putative class as "ASMs" in recent, amended complaints: " '[a]ll individuals who are currently or were formerly employed by Defendants . . . as salaried ASMs.' " (*See*, *e.g.*, *id.* at Page ID # 194 (quoting amended complaint).) Additionally, in each of Brunner's complaints, the duties performed by the putative class remained the same: employees spent 90% of their time

5

"performing 'non-exempt' work such as taking orders, checking out customers at the cash register, making sandwiches, baking bread, stocking, cleaning and a host of other manual labor tasks." (ECF No. 13, at Page ID # 14.) To this Court, it is unclear just how broad the *Brunner* putative class is. However, even in its narrowest construction including only the 2nd ASMs, the class is substantially similar to the putative class in the present case, described below.

Plaintiff Watson filed a collective action complaint "on behalf of himself and other current and former assistant store managers and similarly-situated current and former employees holding comparable positions but different titles ('ASMs'), employed by Defendants." (ECF No. 1, at Page ID # 1.) Plaintiff alleges that the primary job duties of ASMs, making up a majority of their working hours, were the types of duties typically performed by non-exempt employees, including "bussing tables; cleaning the restaurant; checking to make sure that supplies were properly shelved; checking inventory; cooking; and helping customers." (*Id.* at Page ID # 6.) The alleged primary duties of this class are substantially similar to the duties described in *Brunner*. The putative classes are substantially similar. At the very least, the class in the present case would likely include 2nd ASMs under its umbrella. Accordingly, the Court concludes that the parties are substantially similar.

Third, despite additional claims in each suit, the Court concludes that the issues substantially overlap. Despite the claims that differ between the two suits, the core claim is the same—an unpaid overtime FLSA action brought individually by plaintiffs and on behalf of a nationwide class. Defendants are correct that the core issue in determining Defendant's liability for all claims in both cases will be whether Defendants are joint employers. The joint employer discovery that is ongoing in *Brunner* would likely occur in the instant case as well. Further, the job duties and misclassification alleged in both suits are nearly identical. Although there may be

differences between the two actions, the Court cannot ignore the substantial overlap. Thus, "a decision from this Court would not only tend to frustrate the legitimate aim of preserving judicial economy, as substantially the same evidence would be presented in both actions . . . but also it poses the possibility of inconsistent opinions." *Buffalo Wild Wings, Inc. v. BW Rings, LLC*, No. 2:10-cv-335, 2010 WL 4919759, at *3 (S.D. Ohio Nov. 29, 2010). This Court, hearing the latter-filed action, has a duty to avoid a ruling that would "entrench upon or inconsistently decide overlapping issues being addressed by another federal court." *Id*. The Court recognizes that transfer would add to the *Brunner* suit, but judicial consistency, economy, and comity support the transfer.

Finally, Plaintiffs advanced several arguments in an attempt to avoid the application of the first-to-file doctrine, such as considerations regarding conditional classification and Defendants' alleged delay tactics. However, the first-filed court should determine whether an exception to the first-filed doctrine applies. *AluChem, Inc.*, 2006 WL 1281887, at *1. This Court does not consider those arguments and makes no decision regarding their merits.

### IV.     Conclusion

For the foregoing reasons, this Court **GRANTS** Defendants' motion to transfer and **TRANSFERS** this case to the United States District Court for the Northern District of Illinois. (ECF No. 13.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE